**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC., D/B/A/ MISS ME<br><br>      Plaintiff(s),<br><br>-against-<br><br>LAZEON CORP, XYZ COMPANIES 1-10, AND JOHN AND JANE DOES 1-10<br><br>      Defendants. | Civil Action No. 14 Civ. 1647 (KMW)(DF)<br><br>**DEFENDANT LAZEON'S OPPOSITION TO PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

FOX ROTHSCHILD LLP
William R. Hansen, Esq.
V. Chisara Ezie, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900
*Attorneys for Defendant
Lazeon Corp.*

# TABLE OF CONTENTS

|      |                                                                                                                                      | Page |
|------|--------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | Statement of the Facts and Procedural History                                                                                        | 1    |
| II.  | The Calculation of Net Profits is Limited to Lazeon's Commissions as an Independent Contractor                                       | 3    |
| III. | Lazeon's Profits are Not Attributable to Infringement                                                                                | 4    |
| IV.  | Plaintiff May Not Recover Attorney's Fees                                                                                            | 6    |
|      | a) Plaintiff May Not Recover Attorney's Fees Since it Failed to Include Such a Request in its Prayer For Relief                      | 6    |
|      | b) There is No Basis for the Recovery of Attorney's Fees Under the Copyright Act in the Instant Action                               | 8    |
|      | c) The Court Should Refrain From Imposing Attorneys' Fees                                                                            | 9    |
| V.   | Conclusion                                                                                                                           | 13   |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*16 Casa Duse, LLC v. Merkin*,
   791 F.3d 247 (2d Cir 2015)............................................................................................9

*ABKCO Music v. Harrisongs Music, Limited.*,
   508 F. Supp. 798 (S.D.N.Y.1981) ..................................................................................4

*Bryant v. Media Right Prods., Inc.*,
   603 F.3d 135 (2d Cir.2010)....................................................................................11, 12

*Caffey v. Cook*,
   409 F. Supp 2d 484 (S.D.N.Y. 2006)..........................................................................4, 5

*Chambers v. Nasco, Inc.*,
   501 U.S. 32 (1991) ........................................................................................................10

*Einhorn v. Mergatroyd Productions*,
   426 F. Supp.2d 189 (S.D.N.Y.2006) ..............................................................................8

*Engel v. Wild Oats, Inc.*,
   644 F. Supp. 1089 (S.D.N.Y. 1986)...............................................................................3

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (Sup. Ct. 1994).......................................................................................11

*Matthew Bender and Co. v. West Pub. Co.*,
   240 F.3d 116(2nd Cir, 2001).........................................................................................12

*Orgel v. Clark Boardman Co.*,
   301 F.2d 119 (2d Cir.1962)............................................................................................4

*Pacific Westeel, Inc. v. D & R Installation*,
   2003 WL 22359512 (S.D.N.Y. 2003)....................................................................5, 6, 7

*Rogers v. Koons*,
   960 F.2d 301 (2d Cir 1992)............................................................................................5

*Silge v. Merz*,
   510 F.3d 157 (2d Cir. 2007)......................................................................................6, 7

*U-Neek, Inc. v. Wal-Mart Stores, Inc.*,
   147 F. Supp. 2d 158 (S.D.N.Y. 2001)............................................................................8

*Zalewski v. Cicero Builder Dev., Inc.*,
    754 F.3d 95 (2d Cir 2014)..................................................................................11

**Statutes**

17 U.S.C. § 412..............................................................................................5, 8, 11

17 U.S.C. § 504(b) ...............................................................................................1, 3

17 U.S.C. § 505......................................................................................................10

28 U.S.C. § 1927..................................................................................................8, 9

17 § U.S.C. 504(b) ...................................................................................................4

Copyright Act........................................................................................3, 5, 8, 11, 12

**Other Authorities**

10 Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2663 ..................7

Fed.R.Civ.P. Rule 11 ............................................................................................8, 9

Fed.R.Civ.P. Rule 54(c)..............................................................................5, 6, 7, 11

LAZEON CORP., ("Defendant" or "Lazeon"), hereby submits this memorandum of law in opposition to Plaintiff's Proposed Findings of Fact and Conclusions of Law in the above-captioned action, and respectfully requests the Court: 1) restrict any damages award to an amount not exceeding $7,957.88, the amount of Lazeon's net profits as an independent contractor, subject to apportionment pursuant to 17 U.S.C. § 504(b) and; 2) deny Plaintiff's request for attorney's fees.

## I. Statement of the Facts and Procedural History

Lazeon is a corporation formerly operated by Mr. Dennis Slapo, its sole shareholder. Declaration of Dennis Slapo, ¶ 2, ¶ 25 ("Dec. D. Slapo"). On or about January 6, 2014, Plaintiff notified Lazeon of the alleged copyright infringement of its Design JP5498B ("allegedly infringing product") in a cease and desist letter. Dec. D. Slapo, ¶ 10. Mr. Slapo, who is 71 years old, operated Lazeon as an independent contractor for Hunan Longyu Trading Co., Ltd., a wholesale garment manufacturer based in Hunan, China, which produced the allegedly infringing product for Deb Shops. Dec. D. Slapo, ¶ 4-5.

Lazeon was in the business of selling jeans under the trademarked brand, TOXIC. Dec. D. Slapo, ¶ 6. Notwithstanding that Defendant denied all allegations of copyright infringement by Plaintiff in its response letter dated January 14, 2014, Lazeon took the following voluntary remedial actions in January 2014:

- Fully complied with Plaintiff's request to cease and desist from importing, advertising, offering for sale and/or selling products incorporating the design which Plaintiff alleges is substantially similar to JP5498B, and instructed Lazeon's customer, Deb Shops, to do the same;

- Received confirmation that any inventory in the possession of Lazeon's customer Deb Shops had been removed from the retail selling floors and returned to Lazeon;

- Removed and destroyed the designs alleged to be substantially similar to JP5498B from Lazeon's items; and

1

- Advised the Manufacturer in Hunan, China to cease production of any further orders incorporating designs that Plaintiff alleged infringed on Plaintiff's JP5498B, of which no orders were pending.

Dec. D. Slapo, ¶ 11-12.

Despite the prompt remedial measures taken by Lazeon, Plaintiff filed the Complaint in the above-captioned action on March 10, 2014. Docket Entry #2. Having taken the remedial steps listed above, Lazeon fully addressed the claims included in the Complaint, and did not file a formal answer. Dec. D. Slapo, ¶ 17.

On December 17, 2014, this Court entered an order warranting the entry of a permanent injunction of products alleged to contain designs bearing the JP5498B Design (the "Order"). Lazeon complied with the Court's permanent injunction and removed and destroyed the allegedly infringing designs contained on the jeans returned to it by Deb Shops. Dec. D. Slapo, ¶ 19. The Order provided that, although Plaintiff made a sufficient showing for a default judgment, the record lacks any mention of: 1) Defendant's gross revenues; 2) information concerning any deductible expenses and; 3) the elements of profit attributable to factors other than unlawful copying. Dec. D. Slapo, ¶ 18.

As an independent contractor, Lazeon's net profits are distinguishable from the net profits of its Manufacturer. Dec. D. Slapo, ¶ 21. Lazeon's profits are derived from established margins or commissions, calculated based upon the difference between the sales price charged to Deb Shops and the cost of goods established by the Manufacturer, after deducting the costs and expenses in connection with customs and duty charges, warehousing, shipping, factoring costs and early payment discounts negotiated by Deb Shops. Dec. D. Slapo, ¶ 22. Accordingly, Lazeon's net profits of the allegedly infringing products do not exceed $7,957.88. Dec. D. Slapo, ¶ 23; Docket Entry #24. Nonetheless, Plaintiffs have requested a default judgment, and allege that Lazeon earned gross revenues of $100,260.25. Plaintiff's Proposed Findings of Fact and

Conclusions of Law, ¶ 38. Plaintiff additionally seeks attorney's fees in the amount of $14,558, a request which was not included in the Complaint's prayer for relief. Plaintiff's Proposed Findings of Fact and Conclusions of Law, ¶ 45; Complaint, p. 6-7.

## II. The Calculation of Net Profits is Limited to Lazeon's Commissions as an Independent Contractor

Under the Federal Copyright Act, in order to calculate what damages, if any, are owed to a Plaintiff who has elected to recover actual damages, damages must be calculated based on the alleged infringer's net profits. 17 U.S.C. § 504(b). In order to calculate the net profits of Lazeon, an independent contractor to an overseas manufacturer, the Court must look solely to the amounts Lazeon retained. *Engel v. Wild Oats, Inc.,* 644 F. Supp. 1089 (S.D.N.Y. 1986). Plaintiff incorrectly requests the Court to award damages based on the Manufacturer's net profits, in disregard of Lazeon's status as an independent contractor that retained a fractional margin of the gross sales price to Deb Shops. Plaintiff's Proposed Findings of Fact and Conclusions of Law, ¶ 29.

In *Engel v. Wild Oats, Inc.*, the Southern District of New York (S.D.N.Y.) held that a garment seller that acted as an independent contractor for a garment manufacturer in the sale of T-shirts and sweatshirts which infringed the plaintiff's copyright, was only liable for its sales commissions derived from the infringement. 644 F. Supp. 1089 (S.D.N.Y. 1986). As an independent contractor, the Engel Court, held that the defendant's "sole liability is accordingly limited to $1,011.25, the sales commissions it derived from the infringement." *Id.* at *1093. In making this determination, the Engel Court explained that "New World Sales dealt with Wild Oats as an independent contractor, and that upon receiving its commissions for shirts sold at Wild Oat's request, it retained no future interest in [Wild Oat's] marketing activities." *Id*. at

3

*1092. The Engel decision has not received any negative treatment and has been upheld as good law.

Lazeon, like the defendant in *Engel*, is an independent contractor for a wholesale garment manufacturer. Dec. D. Slapo, ¶ 5. As an independent contractor, Lazeon may only be held liable for up to the sales commissions it derived from the alleged infringement, which is $7,957.88. Docket Entry #24. Thus, Lazeon's net profits, for the purpose of calculating damages, are restricted to $7,957.88, which is subject to a further reduction based on an apportionment of profits derived from sources other than the copyrighted work that contributed to Lazeon's profits, as discussed below. *Caffey v. Cook*, 409 F. Supp. 2d, 484 (S.D.N.Y. 2006).

### III. Lazeon's Profits are Not Attributable to Infringement

Lazeon's liability, if any, is restricted to its profits attributable to the alleged infringement. 17 § U.S.C. 504(b); *Caffey v. Cook*, 409 F. Supp. 2d, 484 (S.D.N.Y. 2006). Under 17 § U.S.C. 504(b), in calculating alleged damages, a defendant is permitted to prove "the elements of profit attributable to factors other than the copyrighted work." On this basis, "[i]n situations where an infringer's profits are not entirely due to the infringement, and the evidence suggests some division which may rationally be used as a springboard it is the duty of the [trier-of-fact] to make some apportionment." *Caffey v. Cook*, 409 F. Supp. 2d 484, 506 (S.D.N.Y. 2006) quoting *Orgel v. Clark Boardman Co.*, 301 F.2d 119, 121 (2d Cir.1962) (internal citations omitted). Apportionment is not susceptible to precise measurement. *ABKCO Music v. Harrisongs Music, Limited.*, 508 F. Supp. 798, 801 (S.D.N.Y.1981); *Caffey v. Cook*, 409 F. Supp. 2d 484, 506 (S.D.N.Y. 2006). Here, customers purchased TOXIC jeans in large part for the functional reason of buying pants to wear from a well-known brand, not because of the design on the back pocket of a pair of jeans. Dec. D. Slapo, ¶ 9.

In *Caffey v. Cook*, the holder of a copyright on the order of the performance of songs and accompanying dialogue brought a copyright infringement action against three tenors performing songs. 409 F. Supp. 2d 484 (S.D.N.Y. 2006). In *Caffey*, this Court determined that there were several profit-making features <u>apart</u> from the use of any infringing material that contributed to the defendants' profits. *Id*. at 507. On this basis, the Court held that damages would be reduced by two thirds, to reflect sources of contribution to profits <u>other</u> than the copyright. *Id*. The Second Circuit Court of Appeals ("Second Circuit") has considered a defendant's own notoriety and ability to command high prices for work when apportioning the elements of profits attributable to factors other than the copyrighted work. *Rogers v. Koons*, 960 F.2d 301, 3013 (2d Cir 1992); *Caffey v. Cook*, 409 F. Supp. 2d 484, 506 (S.D.N.Y. 2006).

Similarly, here, in the event that the Court determines that damages are warranted, damages must be apportioned to reflect the sources other than the copyrighted work that contributed to Lazeon's profits, such as the strength and popularity of TOXIC jeans among Deb Shops' consumers. The TOXIC brand was first used in commerce in 2004. Dec. D. Slapo, ¶ 7. TOXIC, a brand in the marketplace for over ten years, is a famous brand and the sales of the jeans at issue are directly attributable to the well-known TOXIC brand, not the back pocket design on the jeans. Dec. D. Slapo, ¶ 9. Accordingly, any calculation of damages must reduce profits generated by sources other than the copyrighted work that contributed to Lazeon's profits. *Caffey v. Cook*, 409 F. Supp. 2d 484, 504 (S.D.N.Y. 2006). Thus, Lazeon respectfully submits that an apportionment of Lazeon's net profits is appropriate and that any damages award to account for Lazeon's profits attributable to factors other than the copyrighted work should conservatively be reduced by not less than ten (10%) percent of the net profits, or $795.78, thereby further reducing Lazeon's maximum liability to $7,162.09.

## IV. Plaintiff May Not Recover Attorney's Fees

Plaintiff is not entitled to recover attorney's fees for three principal reasons. First, plaintiff failed to include any request for attorney's fees or statutory damages in its prayer for relief in the Complaint. As this action is <u>solely</u> for default judgment, pursuant to New York and federal law, Plaintiff is restricted to the remedies it requested in its prayer for relief. Federal Rules of Civil Procedure Rule 54(c) ("Fed.R.Civ.P."); *Pacific Westeel, Inc. v. D & R Installation*, 2003 WL 22359512, at *2 (S.D.N.Y. 2003). For this reason alone, Plaintiff's request for attorney's fees must be denied. Second, there is no basis for the recovery of attorney's fees under the Copyright Act due to the fact that Plaintiff failed to timely register the copyrights central to this action. 17 U.S.C. § 412. Third, since there is no statutory basis for the recovery of attorney's fees, an award of attorney's fees is thereby exclusively at the Court's discretion. Because Lazeon has acted in good faith and has not engaged in objectively unreasonable conduct, Defendant respectfully requests that the Court refrain from awarding attorney's fees, pursuant to Second Circuit and S.D.N.Y. precedent. These three points are discussed in turn.

### a) Plaintiff May Not Recover Attorney's Fees Since it Failed to Include Such a Request in its Prayer For Relief

It is well-established that in an action for default judgment, a Plaintiff is limited to the relief requested in its prayer for relief. Federal Rules of Civil Procedure Rule 54(c) ("Fed.R.Civ.P."); *Pacific Westeel, Inc. v. D & R Installation*, 2003 WL 22359512, at *2 (S.D.N.Y. 2003). Here, Plaintiff did not include any request for attorney's fees in the remedies sought in its request for relief. Complaint at 6-7. Accordingly, Plaintiff's request for attorney's fees must be denied.

Pursuant to Fed.R.Civ.P. Rule 54(c), a "judgment by default shall not differ in kind from, or exceed in amount what is demanded in the pleadings." Both the Second Circuit and the S.D.N.Y. have followed the "clear language and purpose of the rule." *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007). In *Silge v. Merz*, the Second Circuit analyzed whether the S.D.N.Y. correctly applied Fed.R.Civ.P. Rule 54(c) in not allowing an appellant who secured a default judgment to recover for prejudgment interest that was <u>not</u> pleaded in the complaint, nor in its demand clause. The *Silge* Court held that the S.D.N.Y. correctly applied Fed.R.Civ.P. Rule 54(c) because a judgment by default "shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." *Id*. Similarly, the S.D.N.Y. followed this tenant in *Pacific Westeel, Inc. v. D & R Installation*. In determining the applicable damages in a default judgment action, the *Pacific Westeel* Court held that, "[b]ecause plaintiff Pacific Westeel's **complaint requested** $1,200,000, **the Court may not exceed that amount** and the Court should award plaintiff Pacific Westeel $1,200,000 in damages *Pac. Westeel, Inc. v. D & R Installation*, 2003 WL 22359512, at *2 (S.D.N.Y. 2003) (internal citations omitted) (emphasis added).

Further, Professors Wright and Miller clarified the purpose of Fed.R.Civ.P. Rule 54(c) in their relied upon treatise, stating:

> "The first sentence of Rule 54(c) states that a judgment by default is limited to the relief demanded in the complaint. The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award."

10 Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2663 Judgments in Default Cases.

Likewise, the default judgment in the instant action "must not differ in kind from" the remedies requested in the Complaint. As the Complaint did not include a request for attorney's fees within the prayer for relief, Plaintiff is limited to the recovery of the remedies it requested in its prayer for relief. Fed.R.Civ.P. Rule 54(c).

Additionally, to the extent that Plaintiff may allege that attorney's fees should be awarded as relief the Court may deem just and proper, this is not an accepted basis for the award of claims not asserted in the Complaint. *See Silge,* 510 F.3d at 157 (holding the demand for "such other and further relief as the Court deems just and proper" did not constitute a demand for prejudgment interest, and "is mere boilerplate, meant to cover all bases as to the claims asserted in the complaint").

At this late stage, for the foregoing reasons, Plaintiff's request for attorney's fees must be denied.

### b) There is No Basis for the Recovery of Attorney's Fees Under the Copyright Act in the Instant Action

The Copyright Act further precludes Plaintiff's recovery of attorney's fees. 17 U.S.C. § 412; *Einhorn v. Mergatroyd Productions*, 426 F. Supp..2d 189 (S.D.N.Y.2006); *U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 171 (S.D.N.Y. 2001). As discussed below, Plaintiff failed to timely register its copyright after the date of first publication, thus, Plaintiff's request for attorney's fees is barred under the Copyright Act.

Under 17 U.S.C. § 412, a copyright holder is not entitled to elect statutory damages or receive attorney's fees under §§ 504 and 505 if "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first

<mark>8</mark>

publication of the work." Here, the first publication date of Plaintiff's copyright JP5498B is July 23, 2012, while the effective date of its registration is December 23, 2013. Complaint, Exhibit A. Registration of Plaintiff's copyright was not made within the three-month grace period after the first publication of the copyright. *Id*. Accordingly, Plaintiff is barred from recovering attorney's fees under 17 U.S.C. § 412. Upon information and belief, Plaintiff chose <u>not</u> to include a request for the recovery of attorney's fees in its prayer for relief for this reason.

  **c)**    **The Court Should Refrain From Imposing Attorneys' Fees**

The power for federal courts to impose sanctions on a party for attorney's fees derives from the following three sources, none of which extend to Lazeon: Fed.R.Civ.P. Rule 11, 28 U.S.C. § 1927, and the inherent power of the Court.

Under Fed.R.Civ.P. Rule 11, a Court may impose sanctions against parties or their attorneys who file pleadings, motions, or other papers that are filed for an improper purpose or lack evidentiary or legal support. Laezon has not engaged in motion practice in this action, and has not filed any documents for an improper purpose or without legal support. Nor, has Lazeon filed any papers without evidentiary backing. To the contrary, Lazeon provided documentation of its sales and net profits from its records kept in the ordinary course of business. Dec. D. Slapo, ¶ 20. Further, Fed.R.Civ.P. Rule 11 does not permit sanctions for any other alleged misconduct not specified in the Rule. For these reasons, this Court lacks the authority to impose sanctions against Lazeon under Fed.R.Civ.P. Rule 11.

Similarly, there is no basis for sanctions to be imposed on Lazeon under 28 U.S.C. § 1927, whose scope is limited to counsel's liability for excessive costs related to unreasonable and vexatious litigation. "[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *16 Casa Duse, LLC v. Merkin*, 791 F. 3d 247, 264 (2d

Cir 2015) (internal quotation marks omitted). Likewise, there are no grounds under 28 U.S.C. § 1927 to impose sanctions against Lazeon, who has yet to have counsel appear in the action on its behalf. The first notices of appearance of counsel for Lazeon in this action will be made upon the filing of this memorandum of law.

Given the above, the sole avenue remaining as a basis for Plaintiff's attempted recovery of attorney's fees is this Court's discretion. Lazeon respectfully requests this Court deny Plaintiff's request for attorney's fees, and refrain from imposing attorney's fees as a sanction against Lazeon because the generally accepted bases for a Court's imposition of attorney's fees sanctions, Fed.R.Civ.P. Rule 11 and 28 U.S.C. § 1927 are absent from this matter. Further, Lazeon has consistently acted in good faith and did not engage in unreasonable conduct, as discussed below.

The Supreme Court of the United States has cautioned that "because of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991) (internal citations omitted). Though there is no precise formula for a Court to follow when imposing attorney's fees using its inherent power, the Supreme Court articulated the following three generally applicable circumstances, none of which apply to Lazeon: 1) the common fund exception; 2) a sanction for willful disobedience of a court order; and, 3) a sanction for a party who has acted in bad faith, "vexatiously," wantonly, or for oppressive reasons. *Id*. at *2133. Plaintiff alleges that attorney's fees should be awarded on the basis of the second and third circumstances, neither of which applies to Lazeon. Plaintiff's Proposed Findings of Fact and Conclusions of Law, ¶ 40.

Lazeon complied with the Order issued in this action and abided by the terms of the permanent injunction. At the Court's request, Lazeon, through its shareholder's son, attended a

status conference held on July 13, 2015 before the Honorable Judge Kimba M. Wood. Docket Entry #22. Additionally, Lazeon produced records of its profits kept in the ordinary course of business, for use as a basis to ascertain any alleged damages. Dec. D. Slapo, ¶ 20. Based on the numerous remedial measures taken by Lazeon in response to Plaintiff's allegations of alleged infringement, Lazeon was under the impression that it had fully addressed the claims alleged in the Complaint. Dec. D. Slapo, ¶ 17. Therefore, the Court should refrain from imposing a sanction of attorney's fees against Lazeon because Lazeon did not willfully disobey the Court order, nor did Lazeon ever act in bad faith, "vexatiously," wantonly, or for oppressive reasons in this action. *See Chambers,* 501 U.S. 32 (1991).

### 1. The Court Should Refrain From Imposing Attorney's Fees Under the Copyright Act

Similarly, Section 505 of the Copyright Act provides that a district court may "in its discretion ... award a reasonable attorneys fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. An award of attorney's fees under Section 505 provision is also not warranted in the instant matter. A district court determining whether to exercise its discretion to award fees under the Copyright Act may consider such non-exclusive factors as: "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (Sup. Ct. 1994); *Zalewski v. Cicero Builder Dev., Inc.*, 754 F3d 95, 108 (2d Cir. 2014). The Second Circuit has remarked that the third factor, objective unreasonableness, should be given substantial weight. *Bryant,* 603 at 144. Lazeon should not be required to pay attorney's fees because the foregoing four factor test cannot be substantiated against Lazeon.

First, Lazeon's defenses against Plaintiff's request for attorney's fees are not frivolous and are rooted in the law. For example, as discussed herein, Fed.R.Civ.P. Rule 54(c) plainly bars Plaintiff from the recovery of attorney's fees as it failed to request such a remedy in its prayer for relief. Additionally, there is no basis for an award of attorney's fees under the Copyright Act as Plaintiff did not timely register its copyright as required by 17 U.S.C. § 412.

The second factor for the Court to consider is the party's motivation. Lazeon's motivation has only been to efficiently resolve this action. Lazeon promptly complied with Plaintiff's cease and desist requests as early as January 2014, caused the removal of all allegedly infringing products from retail selling floors and removed and destroyed the allegedly infringing materials. Lazeon swiftly engaged in these remedial measures within weeks of receiving Plaintiff's cease and desist letter, demonstrative of its motivation to absolve itself of any purported liability, as alleged by Plaintiff.

The third factor assesses whether the defendant's claims and defenses are objectively unreasonable. Lazeon's conduct was patently reasonable. As discussed herein, Lazeon engaged in substantial remedial measures as early as January 2014. Contrary to Plaintiff's allegations, Lazeon did not deliberately delay this action. Lazeon promptly took all required remedial measures, complied with the terms of the permanent injunction, and addressed the claims alleged in the Complaint. *See Bryant,* 603 F.3d 135 (holding that District Court did not abuse its discretion by declining to award attorneys' fees where Appellees' defenses were not objectively unreasonable and Appellees prevailed on several important issues and were reasonable in trying to resolve the trial.) Further, while bad faith in the conduct of litigation is a valid ground for an award of attorney's fees, the extraordinary bad faith standard does not apply to Lazeon, who

acted in good faith at all times. *Matthew Bender and Co. v. West Pub. Co.*, 240 F. 3d 116, 124 (2nd Cir, 2001).

With respect to the fourth and final factor, compensation and deterrence, if the Court finds that Plaintiff is entitled to an accounting of Lazeon's net profits, Lazeon is prepared to compensate Plaintiff its net profits, after appointment as discussed herein, up to a maximum amount of $7,162.09. Lazeon has been completely deterred. In addition to the remedial measures taken by Lazeon, and Lazeon's compliance with the permanent injunction, discussed above, it should also be noted that Lazeon's only customer to which the alleged infringing products were sold was Deb Shops, who has filed for bankruptcy, ceased the operation of its retail stores, and any business conducted with Lazeon. Dec. D. Slapo, ¶ 24. Lazeon ceased operations following Deb Shops' bankruptcy. Dec. D. Slapo, ¶ 25.

Accordingly, the four factors considered in a Court's determination as to whether to exercise its discretion to award fees under the Copyright Act cannot be established against Lazeon.

**V.     Conclusion**

For the foregoing reasons, Defendant Lazeon respectfully requests that this Court deny Plaintiff's request for attorney's fees, and in the event that damages are awarded, Lazeon respectfully requests that the Court limit damages to Lazeon's net profits of $7,957.88, subject to a further reduction based on an apportionment of profits derived from sources other than the copyrighted work that contributed to Lazeon's profits not less than ten (10%) percent, or

$795.78, thereby further reducing any award to $7,162.09.

Dated: April 18, 2016
New York, New York

FOX ROTHSCHILD LLP
By: s/ V. Chisara Ezie
William R. Hansen, Esq.
V. Chisara Ezie, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900

*Attorneys for Defendant Lazeon Corp.*